No. 17-8010. Council, if you're ready to go, please enter your appearance. Thank you. Good morning. May it please the Court, my name is Meredith Esser. I will be arguing this case on behalf of John Parker Murphy. Mr. Murphy is raising a due process challenge under Johnson, Mathis, and Shipp in the plain language of Section 2255 that his sentence is above the statutory maximum allowable by law. Council, how do you get around the fact that in his first 2255, the Court specifically concluded that his three burglary convictions were generic burglary and that was never appealed? That's under the enumeration. Sure. The reason for that is that at the time of his sentencing, the residual clause would have meant that his burglaries would have been active qualifiers no matter what, so there was really no incentive at that time for Council to object. But there's really no issue because the Court specifically found and concluded that it was generic burglary and under the enumeration clause, that's all they needed. They didn't go, they didn't use the residual clause ever. Right. But at this time under So what difference does it make if the residual clause was ultimately held unconstitutional when we've got an unappealed three convictions for burglary, generic burglary, what does the residual or Johnson have to even do with anything? Because under today's law, we now know that his burglary convictions are not enumerated. No, we don't know that. We have a final judgment of a court of competent jurisdiction that concludes unappealed that they were burglaries, generic burglaries. And I mean, I think since that time, the law has been refined and has been, you know, Mathis and defenses are determined and the law of the categorical approach has been clarified since that time. So now we know if he was sentenced today, his burglary convictions would not qualify. We don't know that. But proceed with your argument. I just have a real problem with that. Okay. Well, I don't want to pick on you too much, but I just do want to follow up with your exchange with Judge How then do you get around Snyder? Well, on the merits, not in terms of 2254 or 2255, but just on the merits. So this claim was not raised in Snyder and it wasn't specifically ruled on in Snyder. So that's just the first point that I want to make. Snyder was a case about Mr. Snyder's claim was whether he was sentenced under the residual clause. And the whole analysis in Snyder was focused on was this person sentenced under the residual clause. It's a silent record. We don't know. We need to figure out if this person was sentenced under the residual clause and therefore whether this is a Johnson claim. Here, the claim is different. It's a straight due process challenge to my sentence is no longer legal. My sentence is no longer valid and I deserve to be released because I'm serving a sentence that's above the statutory maximum. So it's a slightly different claim. It is a different claim, you know, maybe. But even if you put aside what Judge Kelly's posing to you, I wonder how you get around what the panel in Snyder said because you have the PSI saying that under Taylor, which was talking about the enumerated offense clause for burglary in particular, that that satisfies the enumerated offense clause. You have Prosecutor Greg Phillips who specifically presents, I think on page four of the sentencing transcript, the three convictions in, I think, Oregon and Wyoming. And again, specifically referring to Taylor saying that these constitute a generic burglary. And then we have defense counsel saying, you know, well, we understand and specifically acknowledging that because one of them, you know, the burglary. So you have both advocates and the PSI all referencing Taylor and characterizing the three burglaries as generic burglaries under Taylor. Maybe there was no reason to challenge that because at the time they would have constituted burglaries under the residual clause. But under Snyder that doesn't matter. You look at the actual record and you look at the relevant legal background that existed at the time, which was exactly the same legal background that was prevalent at the time that Snyder was decided. And so under Snyder it doesn't matter if you had an incentive to challenge the characterization as a generic burglary. Right. And I mean, we never argued in this case that the record was silent. I mean, I think it's pretty clear that it wasn't. And I think that the only response that I have to that is that Snyder didn't raise this due process challenge that Mr. Murphy is raising. And I think it's a different claim. It's conceptualized in a different way. The analysis in Snyder was how do we determine whether the Mr. Snyder was sentenced under the residual clause because his Johnson claim was phrased as I was sentenced under I may have been sentenced under the residual clause and we need to here. The claim is this is a due process claim. My sentence is too long. It's not authorized by law. So it's a substantive reasonableness challenge. It's a substantive due process challenge based on the principles outlined in this court's opinion and ship and based on the fact that under today's law his sentence is illegal. So it's not a Johnson challenge. It is a Johnson challenge because his claim would not have been ripe until Johnson was decided. Johnson just gets you into the courthouse, but it doesn't get you to your final goal unless you can show or come up with some reason why the residual clause was was pertinent in that case. And under Taylor, which was decided long before his convictions, the determination has been made. I just I'm not following your due process argument. The due process argument is just that his sentence is. Well, everybody says their sentence is too long. You know, a person gets one year sentence. It's too long. But that doesn't give a due process. It's that it's above the statutory maximum under today's law. Just backing up. In your exchange with Judge Bacharach at the very end, I had the exact same question. I'm not sure I understood your answer, which is how's how's this a Johnson claim in the first instance, given it sounds like you're you're not contesting that the sentence was based on the enumeration clause. I'm not contesting that. And if that's the case, then where's the Johnson claim? Because a Johnson claim has to be based on a residual clause. The Johnson claim that it's a Johnson claim because he could not have brought this challenge before Johnson was decided. And in case versus Hatch. Why not? Because the the residual clause. So he residual clause was held void for vagueness. But what does that have to do with the sentence that's based on the enumeration clause? I mean, for example, if he had raised this challenge after day camp, the residual clause would have ensured that his sentence. Is it a day camp claim then? No, I'm just. Because day camp and Johnson different different cases. I guess this is a hypothetical. So hypothetically, if he had raised this claim after day camp, but before Johnson hit, the residual clause would have ensured that he remained an armed career criminal. But after Johnson, he now has a clear path to relief. So he's not his claims aren't his predicates, aren't enumerated offenses, and they don't fall under the residual clause. I'm just the thing I'm still not understanding is where the residual clause comes into play at all here. If everyone is conceding, as I think they are, that he was he wasn't sentenced under the residual clause. The residual clause comes into play because, you know, because if he had challenged the claim before Johnson, there would have been no relief. And I think because he had waited too long or he had lost under Taylor, he he alleged that he had a Johnson claim and that got him in the courtroom. But then he had to show, didn't he, that that the residual clause was what he was sentenced under. And he wasn't sentenced under the residual clause. He has to show that his claim relies on Johnson. And he's got to show some merit just because he alleges that that Johnson gives him the right to come in. Doesn't doesn't give him anything. And the Snyder gets him in the door. But then you have to look at the facts, I think. I mean, I think this just goes back to, you know, that that Johnson before Johnson, he would have remained an armed career criminal after Johnson. He's no longer an armed career criminal. Only he wouldn't be an armed career criminal under Johnson if he had been sentenced under the residual clause, which was held unconstitutional. But he was not sentenced under the residual clause. So he loses under Johnson. I mean, I think that that this I don't know how else to phrase it. I mean, perhaps. So there's this case that the government has cited in its brief called Stanley. And in that case, I believe it's a Seventh Circuit case, which was also part of this Johnson universe. But it says perhaps a prisoner could argue that he decided not to press an argument about the elements clause that sentencing or on appeal when the only consequence would have been to move the conviction from the elements clause, the residual clause, then it would be possible to see some relationship between Johnson and a contention that the conviction has been misclassified. So that's basically what his claim is, is that there was no point to raise this issue before Johnson, because it simply if he had raised a claim before based on the application of the categorical approach or the misapplication of the categorical approach, it would have simply moved his predicate from the enumerated clause to the residual clause. And then he still wouldn't have had an avenue towards relief. So you're going back to Snyder. I just want to make sure that I understand your argument. You articulate it very well. But so you're relying on this with the Seventh Circuit's dead and Stanley. And as I understand what you're saying, and maybe I'm reading between the lines, you're acknowledging that Snyder would foreclose this challenge on its face, except you're saying that the petitioner in Snyder didn't raise this particular argument that you're raising, and so that theoretically was left open in Snyder. Is that your argument? Yes. I mean, I think it was theoretically left open in Snyder. I'm not sure that I would go so far as to say that Snyder forecloses the claim otherwise, but I think the question was left open in Snyder. And in terms of Stanley, what I just read from Stanley is dicta. It wasn't raised or ruled upon in Stanley, but I think it's just a nice way of sort of conceptualizing what I'm trying to argue. Could I ask you, I'd like to ask you about a technical question that this whole proceeding has presented to us, and it has to do with the fact that this Court authorized the filing of the 2255. So you go to district court, you bring your 2255, and we have this provision that has been referred to as the second gate. And assuming that district courts are supposed to apply a second gate review to the authorization of the proceeding, my question is about language in that second gate statute, which is section 2244b-4. And it states that the applicant must show that the claim satisfies the requirements of this section. Are you with me so far? I am. Good. So under that language, my question is, what is the standard the district court uses for that second gate review? And I'm going to give you two candidates. I think that's all there are, but tell me if there's any more. One would be the language in 2244b-2a, and the other would be in 2255h-2. I'm sorry to unload all of that all at once, but this is something I think we ought to get straight. And so I'd like to hear your answer to that. So the question is whether the language relies on or contains? Yes. Okay. I think the position that I took in the supplemental brief is that the district court would have to analyze this claim under the language of 2255h because it really makes no sense for a district court to look at a 2255 petition under the language of 2244. And I think in my briefing I explained that the plain language of 2255h says that the successive motion must be certified as provided in Section 2244 by a panel of the appropriate court of appeals. So that references 2244b-3 and all the requirements in b-3, but does not incorporate b-4. Honestly, I think it's sort of unclear and the cases aren't particularly clear on which language should apply, but our position is that it's the language in 2255 that would apply. Thank you. Thank you, counsel. Your time is up. Thank you for your argument, and we'll hear from the government. Thank you, Your Honor. May it please the Court, counsel. My name is Jason Conner. I'm an assistant United States attorney out of Lander, Wyoming. Counsel, before we leave that labyrinth issue, I just — could I have your position on that, too? Wow, it's a tough one. The government's position would be, Your Honor, that when 2255h references 2244 and the procedures therein, it encompasses both gates. When this Court in Hatch and in Case talks about the proceedings of a second or successive habeas petition, it goes through the two-step process. One, this Court certifies it based upon a prima facie showing after 30 days. Then, if we don't follow 2244b-4 and then thus b-2, which makes the defendant show that he's relying on the new rule of constitutional law, we have no standard that that is — Well, let me be clear. When you say both gates, we're talking about gate one being the circuit court's authorization. Correct. And gate two being the district court's next look at things. And so the question is, H-2, 2255h-2 or 2244b-2a? You've got to pick one, don't you? I think so, Your Honor. Okay. And which one do you pick and why? 2244b-2. Okay. And the reason for that, Your Honor, would be that 2255h references 2244, and it says in accordance with these procedures. In Case and Hatch, this Court said the procedures for a subsequent or second habeas petition are both gates in 2244. So although a 2254 and a 2255 are different in one that's a state prisoner and one's a Federal prisoner, and there are different rules of — So you think it's okay for our Court to use H-2 and for the district court to use a different standard? Why would that make sense? I think, Your Honor, it would make — well, I think it may make sense because it's a prima facie showing that this Court has to make in 30 days with generally no argument. The defendant just filed nine out of ten times a pro se filing. This Court, under a real time crunch, has to decide whether a new rule of constitutional law has been triggered, and that's what the defendant is talking about. Well, we're going to have to sort this out, but I'm just going to ask one last question. And if the authorization were not based on a new rule of constitutional law but on newly discovered evidence, the H-1 standard for newly discovered evidence is different. It's even more significantly different than the 2244 standard. And so then we're really talking about the circuit court's authorization and the district court's second gate review being done under materially different standards under your approach. I think that would create some problems, possibly, and I think that would be confusing, Your Honor. I had not thought about that. I would note that when this case discussed it in Hatch and in Case and the Eighth Circuit, Seventh Circuit, Ninth and Fourth, when they addressed this issue, they basically just said both gates apply. I don't know that they've addressed the issue that you have mentioned, Your Honor, so I don't know. And partially, I think, in artful drafting, it would have been easier if somebody simply cut and pasted what they wanted the process to be and contained that within 22 days. Well, we have your position and we have Ms. Ezzer's, so that will be enough for me on that. It's a tongue twister. Your Honor, on the substantive demerits issue, to the extent the defendant is raising Mathis and a ship issue, as this Court recently stated in Robinson, Mathis, and as well as this Court stated in Eric Taylor, Mathis is not a retroactive. It does not apply retroactively. And the same thing with ship. In Robinson, this Court expressly rejected a defendant's attempt to use ship and saying, well, I have a due process claim. I'm being held longer than I should have. And that's in line with this Court's decision in Greer when the Court said, well, in order to get relief, it has to be a new rule of constitutional law stated by the Supreme Court, not by this Court, not by the Tenth Circuit. So that's all the government would say about that. I think the key distinction here from Snyder is the record is not unclear, as the defense counsel indicated. It's unambiguous from start to finish. In the PSR all the way through the first 2255, everybody was talking about a Taylor burglary. Now, whether that was wrong or right, as Judge Kelly stated, we don't know. We would have to go through that entire process. But if that process was to be done, it should have been done in 2008 and 2009, or 2011 when Judge Brimmer decided to pursue the case. Well, how do you answer Ms. Esser's argument that in 2009 she would have lost because that was prior to Johnson 2? Once Johnson 2 was decided that, as I understand Ms. Esser's argument in part, and that changed the relevant legal environment. And so now, in post-Johnson 2, she's saying that this would have exceeded the statutory maximum once you calculate the statutory maximum against the backdrop of Johnson 2. This no longer would have been an enumerated burglary because the Wyoming and Oregon statutes encompassed burglary of an occupied vehicle. And I think I'll answer this way, Your Honor. In Johnson 2, the Supreme Court, the only right that the Supreme Court asserted or was issued down was the defendant's right not to be sentenced under the residual clause. Here, it's clear that it was the enumerated clause. So even if we transport Johnson 2 back to 2008 when Judge Brimmer sentenced Mr. Murphy, we still have the issue of there's still an enumerated clause. At that time, the legal backdrop was, and Judge Brimmer went through it and the prosecutor presented it, we have the modified categorical approach. So even if we have the residual clause being thrown out the window, it wouldn't have mattered a hill of beans because Judge Brimmer didn't look at it. Judge Brimmer said, I've got three burglaries here. The prosecutor just submitted all the documents. Looks like we're good to go. This is a Taylor burglary. The residual clause was probably the furthest thing from Judge Brimmer's mind because it didn't matter. So that would be the government's argument, Your Honor, is that it didn't – Johnson 2 wouldn't matter because the residual clause was never in play. And it couldn't have been in play. And even if they were wrong, it was never appealed. Correct, Your Honor. And the time to do that would have been then and not now. And as this Court stated in Westover, that the defendant is simply cloaking a Mathis Taylor Shepard claim in Johnson clothing. And that cannot be done. Although it's admirable, it just simply cannot be done. So on its four corners, Snyder, Westover, Buck, and Safford pretty much resolved this case. Just a few points I would make, and I won't waste any more time. I would note that in the – I believe it was Stanley out of the Seventh Circuit. In that case, I think it was Judge Posner, maybe Easterbrook, did mention the argument raised by counsel. But the Court rejected it and basically said the same thing that this Court did in Snyder. That is, you can't cloak a Taylor argument in Johnson. The Court in Stanley did it a little bit differently. It did so on procedural bar and timeliness issues. But at the end of the day, it's basically the same argument with a different tag on it. Without that, I guess if there's no further questions, I would just rely on the government's brief and note that the record in this case, Judge Brimmer, unambiguously relied on a Taylor burglary in the enumerated clause. And therefore, the residual clause in Johnson are not triggered because it was never even thought in anybody's head and there's nothing in the record that would indicate as such. Thank you, counsel. Thank you, Your Honor.